IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Lamont Killingsworth, | ) | C/A No. 0:10-1823-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| Chris Truluck; | ) | |
| Darron Martin, and | ) | |
| Prosecuting Officer Merrill, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jason Lamont Killingsworth, ("Plaintiff"), proceeding *pro se*, brings this

action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Alvin

S. Glenn Detention Center in Richland County, South Carolina, awaiting trial on certain

criminal charges including probation violation(s). Plaintiff asserts that he is being held

illegally on "hearsay" apparently transmitted from his "son[']s mother" to one of the named

Defendants in this case: "Prosecuting Officer Merrill."[1] According to Plaintiff, Defendant

Merrill has been instrumental in having his bond set too high for him to pay, resulting in his

having to stay in jail since January 13, 2010. Plaintiff also alleges that Defendant Truluck,

his court-appointed defense attorney, is working for the state and not for him because

Truluck has not provided copies of the state's evidence against Plaintiff and has

encouraged Plaintiff to plead guilty to the charges against him. Finally, Plaintiff asks this

---

[1]It is unclear from Plaintiff's allegations whether Defendant Merrill is a Richland
County Assistant Solicitor (an attorney) or whether she is a probation or other law
enforcement officer. Plaintiff refers to her as "prosecuting officer". Accordingly, this report
will address any potential liability of this defendant in the alternative, i.e., viewing her as an
Assistant Solicitor and as a law enforcement officer.

PJG

court to "look into" a situation where Plaintiff claims to have invested in Wal-Mart stock in partnership with Defendant Darron Martin at a local bank only to discover later that all of the investment was gone and that the bank had changed names. Plaintiff seeks the following relief: a change of defense attorney, a lower bond, and discovery of all evidence being used against him in the criminal court. In other words, Plaintiff seeks only injunctive relief against the defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

For this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation.  It is well-settled that federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332.  The allegations contained in the Complaint

filed by Plaintiff in this case do not fall within the scope of either form of this court's limited

jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this

Complaint.  The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of

parties and an amount in controversy in excess of seventy-five thousand dollars

($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or
> value of $75,000, exclusive of interest and costs, and is
> between–
>   (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that

no party on one side may be a citizen of the same state as any party on the other side.

Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978).  This court has no

diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the

information provided by Plaintiff when he filed his Complaint, Plaintiff and all defendants

are residents of South Carolina.  Although it is not clear whether Plaintiff's allegations

would be sufficient to support a finding that the $75,000 jurisdictional amount would be in

controversy in this case, this does not matter because, in absence of diversity of

citizenship, the amount in controversy is irrelevant.  Second, it is clear that the essential

allegations contained in the Complaint are insufficient to show that the case is one "arising

under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That is,

the Complaint does not state a viable claim that is cognizable under this Court's "federal

question" jurisdiction.

With regard to Defendant Martin, Plaintiff's Complaint appears to involve only a

possible breach of contract or conversion claim against him arising from Plaintiff's

*PJG*

allegations that a co-investment with Martin somehow disappeared. Such disputes arising

from opposing claims of ownership of personal property are a matter of state law to be

heard in the state courts, unless diversity of citizenship is present. In any event, the

Complaint's allegations do not include any specific request for relief against Defendant

Martin and this is, in itself, fatal to any potential claim against him. All that Plaintiff asks

with regard to Defendant Martin is that this court "look into" the disappearing Wal-Mart

investment with him, and that is completely insufficient to state any kind of viable claim

since, in effect, it seeks an advisory opinion from the court about the situation. Such action

is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975);

Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir. 1983); see Norvell v.

Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not

render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous

situation in Public Service Company of Colorado v. United States Environmental Protection

Agency, 225 F.3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to

request specific relief, the Court stated,

> This court would violate Article III's prohibition against advisory opinions were
> it to do that which [the plaintiff] requests, i.e., issue a mere statement that the
> EPA's interpretation and application of the law was incorrect without ordering
> some related relief.

Id. at 1148 n.4 (citing United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir.

1999)); cf. James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996)

(holding that, if the court were barred from granting the requested relief, its decision "would

be an advisory opinion barred by Article III of the Constitution"). It is well settled that federal

courts performing their duties of construing *pro se* pleadings are not required to be "mind

readers" or "advocates" for state prisoners or *pro se* litigants. Beaudett v. City of Hampton,

775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

In absence of a request for relief from Plaintiff, the Complaint filed in this case is frivolous

and subject to summary dismissal to the extent that it involves Defendant Martin.

With respect to Defendants Truluck and Merrill, liberally construed, Plaintiff's

allegations against them may state claims for violations of the Fourth Amendment's

protection against unreasonable seizure of Plaintiff's person and the Sixth Amendment's

right to counsel pursuant to 42 U.S.C. § 1983.[2]  However, upon closer review, these claims

are not viable against either of these defendants.  It is settled that even if Plaintiff had

explicitly asserted that his constitutional rights were violated, this court would not be bound

by such allegations and would be entitled to disregard them if the facts did not support

Plaintiff's contentions.  When considering the issue of whether a case is one "arising under

the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present,

a federal court is not bound by the parties' characterization of a case.  District courts are

authorized to disregard such characterizations to avoid "unjust manipulation or avoidance

of its jurisdiction."  Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35  (E.D.N.C. 1992);

see Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908); cf. Gully v. First Nat'l

Bank in Meridian, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit

is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526

F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state

courts and in federal courts: "Congress and the federal courts have consistently recognized

---

[2]Section 1983 is the procedural mechanism through which Congress provided a
private civil cause of action based on allegations of federal constitutional violations by
persons acting under color of state law.  Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).
The purpose of § 1983 is to deter state actors from using badge of their authority to deprive
individuals of their *federally guaranteed* rights and to provide relief to victims if such
deterrence fails.  McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

PJG

that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

With regard to the allegations against Defendant Truluck, Plaintiff's court-appointed defense counsel, any potential § 1983 claim against him is not viable. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). While it could be liberally construed that Plaintiff is actually claiming that his criminal defense attorney is liable to him for legal malpractice (also known as legal negligence) and should be removed on that basis, in the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not considered by this court. See Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992); see also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law); cf. Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793 (1993) (legal malpractice case

heard in state court); Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424 (1991) (same). As previously stated, however, since Plaintiff and Defendant Truluck are both South Carolina residents, this court cannot exercise diversity jurisdiction over their dispute. Accordingly, the Complaint is subject to summary dismissal for lack of federal jurisdiction as to Defendant Truluck.

With respect to Plaintiff's claims against Defendant Merrill, assuming without deciding from Plaintiff's description of her as the "prosecuting officer" that she works as an Assistant Solicitor for Richland County and that she is the prosecutor on the pending state criminal action against Plaintiff, her activities in connection with Plaintiff's bond hearings, the presentation of evidence against him at trial or in pretrial proceedings, and her decisions to go forward with the case against him are immune from any potential claim for damages under § 1983 under the doctrine of absolute prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. See S.C. Const., art. V, § 24; S.C. Code Ann. § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson Cnty., 1995 WL 399619 (D. Ore., June 15, 1995) (allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. Bernard v. Cnty. of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004).

PJG

Of particular importance in this case is the fact that it is well-settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," Lyles v. Sparks, 79 F.3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. See Springmen v. Williams, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims about the amount of his bond, which he appears to attribute to Defendant Merrill's belief of Plaintiff's son's mother's allegations against him, go directly to Defendant Merrill's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and they are absolutely immune from Plaintiff's claims. Springmen, 122 F. 3d 211; Lyles, 79 F.3d 372. Accordingly, Plaintiff is not entitled to recover any damages from Defendant Merrill based on her performance of these functions, and the Complaint should be summarily dismissed insofar as it can be construed as seeking such damages.

Finally, to the extent that Plaintiff requests injunctive and/or declaratory relief from this court against Defendant Merrill, whether she is an Assistant Solicitor, or a probation officer, or a police officer, and/or against Defendant Truluck, this case is barred by the doctrine established by Younger v. Harris, 401 U.S. 37 (1971), and its progeny.[3] Younger and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See, e.g., Younger, 401 U.S. at 44; Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873); Harkrader v. Wadley,

---

[3]As previously stated, the only kind of relief specifically requested by Plaintiff from any defendant is injunctive relief: he wants a new defense attorney and wants a lower bond so he can get out of jail.

172 U.S. 148, 169-70 (1898); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Id.; see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts); Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985) (same). As indicated in the cases cited above, Plaintiff is not foreclosed from raising what appear to be primarily an excessive bail objection and an objection to the performance of a court-appointed attorney and having them ruled on in his ongoing state criminal prosecution by the state court judge. This court cannot remove the authority to rule on such an objection from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks, this court would be required to insert itself into and enjoin the state prosecution, and, as stated above, this is not something it can do under

Younger, Cinema Blue, and Bonner.  Accordingly, even if this court has federal question

jurisdiction to consider Plaintiff's injunctive relief claims against a  state actor involved in the

state criminal case, this court should decline to exercise such jurisdiction under the Younger

doctrine and should, therefore, summarily dismiss this entire case without prejudice.

### RECOMMENDATION

The court recommends that the Complaint in this case be dismissed without

prejudice and without issuance and service of process.  See Denton v. Hernandez, 504 U.S.

25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S.

519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595

F.2d 948 (4th Cir. 1979); Todd, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28

U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner

cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 16, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).